**Affirmed and Opinion Filed March 25, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00297-CV

### JOHN LEE, NXT LEVEL HOMES, LLC, NXT LVL CONSULTING LLC, ACTIVE SLR LLC, AND NATHAN WALKINE, Appellants
### V.
### DYNAMIC SLR, INC., Appellee

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-04745-2022**

## MEMORANDUM OPINION
Before Justices Nowell, Kennedy, and Miskel
Opinion by Justice Emily Miskel

Appellants John Lee, NXT Level Homes, LLC, NXT LVL Consulting LLC, Active SLR LLC, and Nathan Walkine bring this interlocutory appeal from the trial court's denial of their motions to dismiss under the Texas Citizen's Participation Act. TEX. CIV. PRAC. & REM. CODE § 27.003. We hold that the TCPA does not apply, and we affirm the trial court's order denying the Appellants' TCPA motions to dismiss.

## I.    Background

This case arises out of the parties' various activities in the business of residential solar panel sales. Appellee Dynamic SLR, Inc., sued Appellants, alleging breaches of contract, theft of trade secrets, business disparagement, interference with Dynamic's residential solar panel business, misrepresentations and conspiracy. Dynamic's lawsuit alleges that the entity and individual defendants conspired to breach Dynamic's contracts, damage its business reputation, and steal Dynamic's trade secrets and customers.

Appellants sought TCPA dismissal of the business disparagement, tortious interference, and conspiracy claims, contending that Dynamic's suit was filed in response to their exercise of their constitutional rights of free speech and association. Appellants assert that, because the dispute arises against the backdrop of renewable energy, this lawsuit is a matter of public concern, and the TCPA protects their rights of free speech and association. After conducting a hearing, the trial court signed an order denying the motions to dismiss. Appellants brought this interlocutory appeal under TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

In Appellants' first two issues, they argue that they proved the TCPA applies to this business dispute because it arises within the renewable energy industry, which Appellants allege to be a topic of public concern. In their third issue, they argue that Dynamic failed to meet its burden under step two of the TCPA analysis.

## II.  The TCPA Does Not Apply to this Purely Private Dispute.

The Texas Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002; *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (the TCPA protects persons who associate, petition, or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them). Under the governing, current version of TCPA, the moving party must first show that the TCPA applies to the lawsuit—that the legal action is based on or is in response to the party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), .005(b).

### A.  Dynamic's suit does not implicate a right of free speech under the TCPA.

In Appellants' second issue, they allege that the district court erred in denying their TCPA motions to dismiss, because Dynamic's claims implicate Appellants' rights of free speech. The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). A "matter of public concern" is "a statement or activity regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety or

celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." TEX. CIV. PRAC. & REM. CODE § 27.001(7). "[C]ommunications that are merely 'related somehow to one of the broad categories' set out in the statute but that otherwise have no relevance to a public audience are not 'communications made in connection with a matter of public concern.'" *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 916 (Tex. 2023).[1]

In *McClane Champions*, the purchaser of the Houston Astros baseball team alleged that, during the purchase negotiations, the seller falsely represented the source and viability of a business plan for Comcast to create a local network to carry Astros games. *Id.* at 917. The Supreme Court observed that the claims were based solely on private business negotiations in an arms-length transaction. *Id.* The Supreme Court rejected the contention that the communications underlying the lawsuit were made in connection with a matter of public concern, holding:

> But the fact that the statements were, broadly speaking, about a network that would carry Astros games, and the fact that the public has a general interest in the Astros, does not mean that the statements were made in connection with a matter of public concern under the TCPA. *See Creative Oil*, 591 S.W.3d at 137; *Blue Gold Energy Barstow, LLC v. Precision Frac, LLC*, No. 11-19-00238-CV, 2020 WL 1809193, at *7 (Tex. App.—Eastland Apr. 9, 2020, no pet.) (noting that

---

[1] Although *McLane* involves the original version of the TCPA, before the 2019 amendments, the citations to *McLane* in this opinion refer to either unchanged portions of the statute (*see, e.g., McLane*, 671 S.W.3d at 915) or parts of the statute where the 2019 amendments are even more restrictive (*see, e.g., McLane*, 671 S.W.3d at 919).

–4–

"communications do not become a matter of public concern simply based on the nature of the parties' business").

*Id.* at 917. "Absent this limiting principle, grounded in the statute's text, the TCPA would apply to communications made as part of any private business deal involving any industry that impacts economic or community well-being. It does not." *Id*. at 916.

Similarly, in *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, an oil-and-gas lease holder asserted that its lessor misled third-party purchasers by falsely stating that the lease had terminated. 591 S.W.3d 127, 130 (Tex. 2019). The lessor defendant argued that its statements to the purchasers were an exercise of the right of free speech under the TCPA because they related to "a good, product, or service in the marketplace"—specifically, "the [oil and gas] lease and its products." *Id.* at 134. The Supreme Court rejected this argument, holding that "not every communication related somehow to one of the broad categories set out in section 27.001(7) always regards a matter of public concern." *Id*. at 137.

Here, Dynamic's lawsuit is a garden-variety private business dispute where the underlying communications lack any material connection to a matter of public concern. Appellants do not identify any meaningful connection between the communications and conduct in this lawsuit and any relevance to a public audience. No public audience is involved in the underlying communications and conduct, which give rise to purely private disputes between the parties (agents, employees, principals, and business entities). There is no allegation that consumer safety or

–5–

environmental protection is somehow implicated in Dynamic's lawsuit against the Appellants over their alleged breaches of contract and tortious business conduct. *Contra, e.g., ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 901 (Tex. 2017) (per curiam) (interpreting the pre-2019 version of the TCPA); *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 510 (Tex. 2015) (per curiam) (same).

Even if the public has a general interest in renewable energy, the allegations in the present case do not involve a matter of public concern under the TCPA. *See also Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *4 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.) (to determine whether the TCPA applies, a court "must look to the content of the communications themselves and not focus solely on the occupation of the speaker or the related industry"); *Blue Gold Energy Barstow, LLC v. Precision Frac, LLC*, No. 11-19-00238-CV, 2020 WL 1809193, at *7 (Tex. App.—Eastland Apr. 9, 2020, no pet.) (mem. op.) (noting that "communications do not become a matter of public concern simply based on the nature of the parties' business—there must be some relevance to issues beyond the interests of the parties").

We conclude that the TCPA's protection of free speech does not apply to Dynamic's lawsuit for breach of contract, business disparagement, business interference, misrepresentation and conspiracy merely because the parties sell products related to renewable energy. Appellants' second issue is overruled.

–6–

**B.**   **Dynamic's suit does not implicate a right of association under the TCPA.**

In Appellants' first issue, they allege that the district court erred in denying their TCPA motions to dismiss because Dynamic's claims implicate their rights of association. Appellants argue that they have collectively pursued their sales businesses relating to solar energy, a matter of public concern.

The TCPA defines the phrase "exercise of the right of association" as "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(2).  A movant who invokes the right of association must demonstrate the existence of common interests that relate to a matter of public concern.  *Fuller v. Hausz,* No. 05-22-00893-CV, 2023 WL 5123459, *4 (Tex. App.—Dallas Aug. 10, 2023, no pet.) (mem. op.).  "A plaintiff's claims are not based on or in response to the exercise of a protected right just because the statements or conduct at issue were made against the backdrop of matters that may be of general interest to the public." *Enter. Gaming LLC v. 024 Fam. Off. LLC*, No. 14-22-00244-CV, 2024 WL 89893, at *2 (Tex. App.—Houston [14th Dist.] Jan. 9, 2024, Rule 53.7(f) motion granted Mar. 20, 2024) (mem. op.).

### 1.   Matter of Public Concern

A "matter of public concern" can regard:

(A)  a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

–7–

(B) a matter of political, social, or other interest to the community; or

(C) a subject of concern to the public.

TEX. CIV. PRAC. & REM. CODE § 27.001(7). Appellants have not alleged that their statements or activities regard a public figure, and we conclude that merely engaging in sales relating to solar energy does not amount to a common interest relating to a matter of interest to the community or a subject of concern to the public.

The 2019 TCPA amendments narrowed the meaning of "public concern." *Beard v. McGregor Bancshares, Inc.*, No. 05-21-00478-CV, 2022 WL 1076176, at *5 (Tex. App.—Dallas Apr. 11, 2022, pet. denied) (mem. op.); *see also Chesser v. Aucoin*, No. 01-20-00425-CV, 2020 WL 7391711, at *4 (Tex. App.-Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.) ("the current definition of a 'matter of public concern' more strongly emphasizes the term's public component"). "[P]rivate disputes that affect only the fortunes of the litigants are not matters of public concern." *Fuller,* 2023 WL 5123459, at*4.

Like the free speech rights protected by the TCPA, there must be a relationship between the subject of the association and the matter of public concern. *See, e.g.*, *Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, *3–4 (Tex. App.—Dallas Dec. 2, 2020) (mem. op.) (although the cancellation of a performance of a play affected the people involved in producing the play and the people who held tickets, statements about the cancellation did not involve a matter of public concern for right-of-association purposes); *Fuller*, 2023 WL 5123459, at *4 ("A private

–8–

country club's common interest in screening applicants is not a matter of political or social interest.").

Although Appellants claim a protected right of association because the disputes arise against a backdrop of renewable energy, Appellants have not shown how their private business interest in selling residential solar panels to customers is a matter of political, social, or other interest to the community or a subject of concern to the public.

### 2. Common Interests

Additionally, in order to exercise a right of association under the TCPA, Appellants must have *common interests related to* a matter of public concern. TEX. CIV. PRAC. & REM. CODE § 27.001(2); *see McLane Champions*, 671 S.W.3d at 919-20. "The right of association is not implicated when a plaintiff claims merely that the defendants conspired to engage in tortious conduct. There must be a 'common interest' that relates to the community at large." *Enter. Gaming LLC*, 2023 WL 89893, at *2 (internal citations omitted). For example, in *Enter. Gaming LLC*, the defendants claimed a protected right of association under the TCPA, alleging a common interest in combatting the Covid-19 pandemic. That court held that "[a]llegations that the defendants used a purported plan to produce and sell Covid-19 protective equipment and disinfectant foggers as a ruse to steal from [the plaintiff] does not convert an ordinary business dispute into a protected exercise of the right of association among joint tortfeasors." *Id.* at *3.

Here, Appellants claim they exercised protected rights of association when they joined forces to promote their common business interests in selling residential solar panels. But merely conducting business does not qualify as a protected common interest under the TCPA. *See McLane Champions*, 671 S.W.3d at 920. "The exercise of the right of association is similarly not so broad as to encompass nearly every interaction between individuals simply because they each desire the interaction." *Crossroads Cattle Co., Ltd. v. AGEX Trading, LLC*, 607 S.W.3d 98, 105 (Tex. App.—Austin 2020, no pet.) "The 'common interest' alleged here— 'conducting business' in the feeder cattle industry—amounts to nothing more than the interest any two or more parties would necessarily share or have in 'common' when interacting to do nearly anything, the 'interest' in common being desiring the interaction or a particular outcome." *Id*.; *see also Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 238 (Tex. App.—Eastland 2019, no pet.) ("common interest" requires "more than two parties with distinctly different interests completing a business transaction").

Appellants have failed to show that they exercised a TCPA-protected right of association because their mutual private business interests do not qualify as "common interests relating to . . . a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(2); *McLane Champions*, 671 S.W.3d at 920.

### 3.    Claims Related to the Individual Appellants

Dynamic's non-compete, non-solicitation, non-disclosure, declaratory judgment and conspiracy claims against ex-employees, the individual Appellants, are not based on or in response to the exercise of a protected right of association. In *Amend v. J.C. Penney Corp., Inc.,* a company sued a former employee and his new employer over the employee's breach of confidentiality, non-solicitation, and non-competition agreements. We held the claims were not based on an exercise of the right of association because there was no evidence that they involved public or citizen participation, even where the employee was in charge of public communications on the new employer's website. *Amend v. J.C. Penney Corp., Inc.*, No. 05-19-00723-CV, 2020 WL 1528497, at *3–4 (Tex. App.—Dallas Mar. 31, 2020, pet. denied) (mem. op.); *see also Quiroga v. Am. Lamprecht Transp., Inc.*, No. 01-19-00992-CV, 2020 WL 2608152, *3 (Tex. App.—Houston [1st Dist.] May 22, 2020, no pet.) (mem. op.) (conspiracy to misappropriate business opportunities was not an exercise of the right of association: "[defendant's] interests in associating, allegedly to divert business to [plaintiff's] competitors, are private not public because they do not relate to the community at large."); *TheraSource, LLC v. Houston Occupational Therapy, PLLC*, No. 01-19-00877-CV, 2021 WL 3868771, at *5–6 (Tex. App.—Houston [1st Dist.] Aug. 31, 2021, no pet.) (mem. op.) ("the [defendants'] communications and conduct upon which [the plaintiff's] claims are

based benefitted only the [defendants] in their development of a competing business enterprise. No 'public or community interest' is alleged.").

Similarly, Dynamic's claims for trade-secret theft, business disparagement and conspiracy against its former agents and employees are not based on a protected right of association. The TCPA "does not apply to claims of conspiracy to convert or unlawfully appropriate property belonging to others." *Bandin v. Free & Sovereign State of Veracruz de Ignacio de la Llave*, 590 S.W.3d 647, 654 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). A garden-variety suit against former employees for stealing trade secrets, as in the present case, does not involve a "common interest" for right-of-association purposes. *Meta Planning + Design LLC v. BGE, Inc.*, No. 14-19-00253-CV, 2021 WL 1421056, at *4 (Tex. App.—Houston [14th Dist.] Apr. 15, 2021, no pet.) (mem. op.) (the conduct and communications involved in allegedly misappropriating the plaintiff's information and trade secrets and related torts benefitted only the former employee defendants, and not the community at large or the general public); *PURE Gen Holdings, Inc. v. Neora, LLC*, No. 05-19-01548-CV, 2020 WL 7258282, at *2–4 (Tex. App.—Dallas Dec. 10, 2020, no pet.) (mem. op.) (public social media posts were aimed at hiring a competitor's distributors and getting them to breach their non-solicitation agreements and did not actually involve public or citizen participation).

We hold that the Appellants have not shown that Dynamic's claims are based on or in response to Appellants' common interests related to a matter of public

concern under the TCPA. Appellants' first issue, like their second issue, is overruled.

## III. Conclusion

Appellants have not demonstrated that Dynamic's suit is based on or in response to their exercise of the right of free speech or the right of association. TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), .005(b). Because we conclude that the TCPA does not apply to the suit, we need not reach Appellants' third issue, complaining that Dynamic failed to establish a prima facie case for the elements of its claims under step two of the TCPA analysis.

The trial court correctly denied the Appellants' TCPA dismissal motions, and we affirm the trial court's order.

/Emily Miskel/

EMILY MISKEL
JUSTICE

230297f.u05
Do Not Publish
TEX. R. APP. P. 47

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN LEE, NXT LEVEL HOMES, LLC, NXT LVL CONSULTING LLC, ACTIVE SLR LLC, AND NATHAN WALKINE, Appellants

No. 05-23-00297-CV          V.

DYNAMIC SLR, INC., Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-04745-2022.
Opinion delivered by Justice Miskel. Justices Nowell and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DYNAMIC SLR, INC. recover its  costs of this appeal from appellants JOHN LEE, NXT LEVEL HOMES, LLC, NXT LVL CONSULTING LLC, ACTIVE SLR LLC, AND NATHAN WALKINE.

Judgment entered this 25th day of March, 2024.